UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JAMES BATES,

    Petitioner,                                   Case No. 07-11479
                                                 Honorable Gerald E. Rosen
v.                                                United States District Judge

BLAINE LAFLER,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

       Michael James Bates ("Petitioner"), presently confined at the Straits Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, Petitioner challenges his convictions for (1) home invasion, MICH.COMP.LAWS § 750.110a, (2) assault with intent to murder, MICH.COMP.LAWS § 750.83, and (3) felony firearm, MICH.COMP.LAWS § 750.227b. For the reasons stated below, this petition for writ of habeas corpus is summarily dismissed.

**I. Background**

       Petitioner was convicted of the above-stated charges by a Saginaw County jury on August 13, 2002. On September 25, 2002, the trial court sentenced Petitioner to (1) eleven to twenty years imprisonment for the home invasion conviction, (2) eighteen to twenty-five years imprisonment for the assault with intent to murder conviction, and (3) the mandatory two-years imprisonment for the felony-firearm conviction.

       On April 9, 2003, Petitioner, through counsel, appealed his convictions to the Michigan Court of Appeals, which the state appellate court denied on February 17, 2004. *People v. Michael*

*James Bates*, No. 244414, 2004 WL 303124 (Mich.App. Feb, 17, 2004). Petitioner filed a motion for reconsideration, which the state appellate court also denied. On May 28, 2004, Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on September 28, 2004. *People v. Michael James Bates*, 471 Mich. 886, 688 N.W.2d 502 (2004).

Petitioner, on July 18, 2005, then filed a motion for relief from judgment, pursuant to M.C.R. 6.500, with the Saginaw County Circuit Court, on July 18, 2005. The Saginaw County Circuit Court denied that motion on March 22, 2006. *People v. Michael James Bates*, No. 02-21045-FC, (Saginaw County Circuit Court, Mar. 22, 2006).

Subsequently, on April 14, 2006, Petitioner filed his application for leave to appeal from that decision in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal on October 26, 2006. *People v. Michael James Bates*, No. 269782 (Mich.App. Oct. 26, 2006). Petitioner then filed his application for leave to appeal in the Michigan Supreme Court, which was denied on January 4, 2007. *People v. Michael James Bates*, 477 Mich. 982, 725 N.W.2d 343 (2007).

On April 2, 2007, Petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, Case No. 07-11418. In that petition, Petitioner challenges his 2002 convictions. He raises the following claims:

> I. Petitioner's conviction for assault with intent to murder must be vacated because defense counsel was ineffective in representing Petitioner during trial by failing to investigate and call witnesses, by failing to object to prosecutorial misconduct, and by failing to move for a mistrial.
>
> II. Petitioner's convictions must be vacated because the prosecution argued facts during closing arguments that were not part of the record, vouched for the credibility of
>
> prosecution witnesses, and asked the jury to convict

> based on facts that were not part of the trial and other charges that had nothing to do with the trial at hand.
>
> III. Petitioner's convictions must be vacated because his appellate attorney was ineffective in representing him during his appeal of right, by failing to properly argue the facts to the Michigan Court of Appeals, by failing to properly file pleadings according to court rules, and by failing to put the prosecutor's case to adversarial testing.

That petition is currently pending before this Court. *Bates v. Lafler*, U.S.D.C. No. 2:07-CV-11418. A decision has not yet been rendered in that case.

Then, on April 3, 2007, Petitioner filed the instant petition with the United States District Court for the Eastern District of Michigan, in which he challenges the same convictions and sentences that he is challenging in this Court's case, and raises the same identical claims that he has presented in the petition before this Court. This present petition, filed on April 3, 2007, was initially assigned to Judge Victoria Roberts and has since been reassigned to this Court.

## II. Discussion

The instant petition for writ of habeas corpus must be dismissed because it is duplicative of the April 2, 2007 petition pending before this Court.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's April 3, 2007 habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, dated April 2, 2007, because both petitions seek the same relief. *Id.* Because Petitioner challenges the same convictions in both petitions and raises the same claims, the Court will dismiss his second petition as being duplicative. *See, e.g.*, *Daniel v. Lafler,* 2006 WL 1547772, * 1 (E.D. Mich. June 1, 2006); *See also Davis v.*

*United States Parole Com'n*, 870 F. 2d 657, 1989 WL 25837,

* 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition).

Here, Petitioner, in the instant petition challenges the same convictions, raises the same claims, and makes the same legal arguments as in the April 2, 2007 petition pending before this Court. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000). This Court is therefore permitted to take judicial notice of its own court documents and records in determining that the present habeas petition is duplicative of the previously filed application for habeas relief. *Daniel v. Lafler*, 2006 WL 1547772, * 1. Accordingly, this petition for writ of habeas corpus will be dismissed.

### III. ORDER

Based upon the foregoing, **IT IS ORDERED** that the present Petition for a Writ of Habeas Corpus, Case No. 11479, dated April 3, 2007, is **SUMMARILY DISMISSED.**

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: September 12, 2007

I hereby certify that a copy of the foregoing document was served upon petitioner and counsel of record on September 12, 2007, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager